

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2011

# Lindenbaum v. Erenius

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3102

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Lindenbaum v. Erenius" (2011). *2011 Decisions.* Paper 1035.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1035

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3102
_____

SCOTT LINDENBAUM, Appellant

v.

DAVID ERENIUS, IN HIS INDIVIDUAL CAPACITY;
WARMINSTER TOWNSHIP

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-00285)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before:  BARRY, AMBRO, and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 23, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Scott Lindenbaum was arrested for making terroristic threats, harassment, and

conspiracy to promote or facilitate the crime of terroristic threats.  On appeal, he argues

that the police officer who arrested him, Defendant David Erenius, did not have probable

cause to believe that he had committed a crime and, therefore, violated his Fourth Amendment right under the United States Constitution to be free from unreasonable seizures. He also contends that Officer Erenius is not entitled to qualified immunity.

The District Court, per Judge Slomsky, dealt thoroughly with Lindenbaum's claims. As we have nothing to add to the Court's analysis, we simply note that, under our applicable plenary standard of review, *see, e.g.*, *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010), and because reviewing courts accord significant deference to a magistrate's finding of probable cause to arrest, *see, e.g.*, *Illinois v. Gates*, 462 U.S. 213, 236 (1983), the facts here amply support the District Court's conclusions. Accordingly, we affirm.